Appellant was injured as the result of the alleged negligence of the City of New York. She did not serve a notice within the time required by section 50-e of the General Municipal Law (L. 1945, ch. 694, § 1). Twelve days after the expiration of such period, appellant moved at Special Term for permission to serve a proposed notice of claim within a reasonable time, on the ground that physical incapacity had prevented her from serving a notice in time. The motion was denied. Thereafter a motion for reargument was granted and, on reargument, the original determination was adhered to. Appeal from original order dismissed, without costs. Order on reargument reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, the notice of claim to be served within ten days after the entry of the order hereon. The accident occurred on December 16, 1946. Claimant suffered a Pott’s fracture of the left ankle. Her foot was placed in a cast. She was discharged from the hospital on December 31, 1946. Thereafter she was confined to her home until at least March 4, 1947, except for two visits to the hospital clinic. The cast was removed on February 1, 1947, forty-seven days after the accident. Thereafter she was compelled to use crutches until at least March 4, 1947. The sixty-day period prescribed by section 50-e of the General Municipal Law within which to serve the notice of claim expired on February 14, 1947. The application at Special Term was made on February 26, 1947. On this showing, the motion to grant permission to serve the proposed notice of claim after the expiration of the statutory sixty-day period should have been granted. (Saines v. City of New York, 296 N. Y. 702.) Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.